IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARBJIT KAUR d/b/a<br>AHLISHAN FASHION FABRICS,<br><br>    Plaintiff,<br><br>  v.<br><br>ALL NIPPON AIRWAYS CO., LTD, ; and<br>DOES 1-10,<br><br>    Defendants.<br>_____/ | No. C 06-01661 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND** |

Defendant has filed a motion to dismiss plaintiff's claims as preempted under the Warsaw Convention. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for submission without oral argument, and accordingly VACATES the April 21, 2006 hearing. The case management conference scheduled for April 21, 2006 at 2:00 p.m. remains on calendar. For the reasons set forth below, the Court GRANTS defendant's motion and DISMISSES plaintiff's complaint with leave to amend.

**BACKGROUND**

On October 7, 2005, plaintiff Sarbjit Kaur, d/b/a Ahlishan Fashion Fabrics, filed a complaint in Alameda County Superior Court against defendant All Nippon Airways Co., Ltd. And Does 1-10. The complaint alleges that plaintiff hired defendant to move five pieces of cargo from New Delhi, India to San Francisco, California. Complaint ¶ 5. The complaint alleges that although all five pieces of cargo were put on defendant's aircraft in India, two pieces of cargo were lost by the time plaintiff went to pick up the cargo at defendant's warehouse in South San Francisco. *Id.* at ¶¶ 5-8. According to defendant,

the warehouse is located within the grounds of San Francisco International Airport. *See* Motion, Ex. 2 (invoice for Nippon Cargo Airlines showing address in SFO International Airport). The missing cargo consists of fabric, jewelry, and women's clothing. Complaint at ¶ 8. The complaint alleges four claims under state law: (1) breach of contract; (2) conversion; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress.

On March 3, 2006, defendant filed a notice of removal, on the ground that the Court has original jurisdiction over the case because plaintiff's claims arise under the Warsaw Convention or the Montreal Convention, which are both applicable to international transportation of persons, baggage, or goods performed by aircraft for hire.[1] Defendant has now moved to dismiss all of plaintiff's claims as preempted by the Warsaw Convention. Alternatively, defendant requests that the Court deem plaintiff's breach of contract claim as a claim for cargo loss under the Warsaw Convention, and dismiss the remaining claims as preempted state law claims.[2]

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

---

[1] The Notice of Removal states that defendant was served on or about January 31, 2006.

[2] Prior to filing the instant motion, defendant met and conferred with plaintiff and requested that plaintiff stipulate to replace the state law causes of action with a Warsaw Convention cause of action. Plaintiff refused to do so. *See* Hutchison Decl. Ex. 3 and 4.

2

1  If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The
2  Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request
3  to amend the pleading was made, unless it determines that the pleading could not possibly be cured by
4  the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal
5  quotation marks omitted).

**DISCUSSION**

**1.    Defendant's Motion to Dismiss**

Formally known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, "the Warsaw Convention is a comprehensive international treaty . . . governing liability in 'all international transportation of persons, baggage, or goods.'" *Carey v. United Airlines*, 255 F.3d 1041, 1047 (9th Cir. 2001) (quoting note following statute). When the Warsaw Convention governs a particular claim, the terms of the Convention preempt state and/or local law claims, in the interest of achieving a uniform application of liability rules with respect to claims arising from international air transportation. *See Tseng v. El Al Israel Airlines, Ltd.*, 525 U.S. 155, 169 (1999) (stating "[g]iven the Convention's comprehensive scheme of liability rules and its textual emphasis on uniformity, we would be hard put to conclude that the delegates at Warsaw meant to subject air carriers to the distinct, nonuniform liability rules of the individual signatory nations"). A party asserting a claim that is ultimately controlled by the terms of the Warsaw Convention can generally only pursue that claim pursuant to those terms. *See* 49 Stat. 3000, T.S. 876, *reprinted at* 49 U.S.C.A. § 40105, Art. 24(1) (stating "in the cases covered by articles 18 and 19 any action for damages, however founded, can only be brought subject to the conditions and limits set out in this convention").

Article 18 of the Convention addresses air carrier liability with respect to loss of or damage to baggage or goods, specifically providing that "the carrier shall be liable for damage sustained in the event of the destruction or loss of, or of damage to, any checked baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air." 49 U.S.C.A. § 40105, Art. 18(1). Article 18(3) further provides that,

[t]he period of the transportation by air shall not extend to any transportation by land,

3

> by sea, or by river *performed outside an airport*. If, however, such transportation takes place in the performance of a contract for transportation by air, for the purpose of loading, delivery or transshipment, any damage is presumed, subject to proof to the contrary, to have been the result of an event which took place during the transportation by air.

49 U.S.C.A. § 40105, Art. 18(3) (emphasis added).

Article 18(3) applies "[w]here there is some conflict over whether the damage occurred during air transportation" and "creates a rebuttable presumption that the damage took place during air transportation." *Read-Rite Corp. v. Burlington Air Express, Ltd.*, 186 F.3d 1190, 1194 n.2 (9th Cir. 1999) (holding that Warsaw Convention did not apply to damage to goods since damage occurred on the ground, outside London's Heathrow Airport). A claimant seeking to avoid the reach of the Warsaw Convention must affirmatively show that the damage to goods did not occur during the course of international air travel.

Here, plaintiff asserts that the Warsaw Convention does not apply because the loss occurred at defendant's warehouse. However, defendant has submitted undisputed evidence that the warehouse is located within the grounds of San Francisco International Airport. *See* Motion, Ex. 2. Accordingly, the Court concludes that the Warsaw Convention covers plaintiff's loss. *See id.*; *see also Victoria Sales Corp. v. Emery Air Freight*, 917 F.2d 705, 707 (2d Cir. 1990) ("[A]s the plain language of Article 18 directs, 'transportation by air' would include a loss occurring while the cargo was in the air *or on the ground but within the confines of the airport's boundaries*.") (emphasis added).

Plaintiff also asserts, without citation to any authority, that the Warsaw Convention does not apply because plaintiff has alleged intentional or gross negligence on the part of defendant. This contention lacks merit. "The Warsaw Convention provides the exclusive remedy for claims arising out of a carrier's intentional misconduct. If a plaintiff establishes wilful misconduct by the carrier, Article 25 lifts the Convention's limits on liability, but the Convention remains the exclusive source for the plaintiff's remedy." *Dazo v. Globe Airport Security Servs.*, 295 F.3d 934, 940 (9th Cir. 2002). Accordingly, plaintiff's state law claims are preempted, and these claims are DISMISSED WITH PREJUDICE. If plaintiff wishes to pursue a claim under the Warsaw Convention, plaintiff may file an amended complaint **on or before May 15, 2006.**

4

**2.      Defendant's Evidentiary Objection**

Defendant objects that a statement in the Shah Declaration is inadmissible hearsay. Although the basis for defendant's objection is incorrect, the Court finds that the statement – "Items were either intentionally or negligently misplaced from defendant's warehouse, by his employees" – is improper argument contained in a declaration. Accordingly, the Court STRIKES this statement from the Shah Declaration.[3]

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss and provides plaintiff leave to amend. (Docket No. 8).

Dated: April 15, 2006

SUSAN ILLSTON
United States District Judge

---

[3] The Court also notes that plaintiff attached a letter to the opposition that includes a settlement demand. This disclosure is improper, and plaintiff is cautioned against filing any documents regarding settlement negotiations.

5